# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CORRIE TRAVAIL CARTER**, | ) |
| Plaintiff, | ) |
| v. | ) Case No: 16 C 8165 |
| **SGT. DOUGÉ**, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

On June 20, 2016 this Court issued a brief sua sponte memorandum opinion and order ("Opinion") in Case No. 16 C 6248, dealing with a then-recently-filed "Complaint Under the Civil Rights Act, Title 42 Section 1983" (the "Complaint") brought by pretrial detainee Corrie Travail Carter ("Carter") against the Cook County Department of Corrections ("County Jail"), two of its sergeants and two of its correctional officers because of assertedly unconstitutional living conditions at the County Jail. That Opinion, after having made the necessary determinations under 28 U.S.C. § 1915 ("Section 1915") in light of the informational printout about Carter's trust fund account at the County Jail (an adjunct to his contemporaneously filed In Forma Pauperis Application ("Application"), ended by dismissing both Carter's Complaint and that earlier action without prejudice because of Carter's clear failure to have complied with the provision of 42 U.S.C. §1997e(a) that bars the filing of any such action "with respect to prison conditions under section 1983 . . . by prisoners confined in any jail . . . until such administrative remedies as are available are exhausted."

Now Carter has returned with an identical Complaint targeting the same defendants whom he had named in his earlier lawsuit. As with the Opinion, this memorandum order will first look at the Application and the requirements imposed by Section 1915 and will then turn to the substance of Carter's claim.

As for the first of those subjects, the time interval between (1) the August 4 date on which Carter signed both his Complaint and the Application, and on which the authorized signatory at the County Jail signed the certificate regarding the trust fund account, and (2) the August 17 date on which Carter's papers were received in the Clerk's Office leaves uncertain the date on which the Complaint was "filed" for Section 1915(a)(2) purposes under the Houston v. Lack, 487 U.S. 266 (1988) "mailbox rule." But because the current trust fund printout spans the entire six-month period ended August 4, and because very substantial deposits were made to the account in every month throughout that six-month period, this Court has made the calculation called for by Section 1915(b)(1)(A) for that time frame.[1] Those deposits averaged $218.33 a month, 20% of which (id.) amounts to $43.67.[2] Accordingly Carter is assessed that initial partial filing fee of $43.67, and the County Jail trust fund officer is ordered to collect that amount from Carter's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

---

[1] For that purpose this Court has disregarded the numerous commissary refunds to the account during that six month time period, instead basing its calculation solely on deposits to the account from outside sources.

[2] This Court's experience over the years has regularly found errors in calculations by the administrators having oversight to prisoners' accounts at Illinois correctional institutions, and that is so in this case as well: Here the trust fund officer's certification inexplicably came up with a certificate stating that the average monthly deposit during the six-month period ended August 4 was $150. That calculation would connote total deposits to the account of $900 during that time frame, although the printout itself reflected deposits aggregating $1310!

Office of the Clerk
United States District Court
219 South Dearborn Street
Chicago IL 60604

Attention: Fiscal Department.

After such payment the trust fund officer at the County Jail (or at any other correctional facility where Carter may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Carter's name and the 16 C 8165 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

But what is particularly distressing about Carter's current effort is that he repeats precisely the same allegations that were contained in his earlier lawsuit, but once again he is totally silent as to his invocation of any available administrative remedies or as to the consequences of any such invocation. As before, that noncompliance with the provisions of 42 U.S.C. § 1997e(a) precludes the filing of this action, which once again must be and is dismissed without prejudice. As a result, all that Carter has accomplished by his current repeat performance is to subject himself to a second monthly drain on the regular deposits to his trust fund account, the result of his repeated ignoring of his statutory obligation.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 22, 2016